UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| P.I., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-cv-263 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| ALCOA, INC., and | ) | |
| EXCEL EXTRUSIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER & MEMORANDUM

Before the Court is Defendants' ALCOA, Inc. and Excel Extrusions, Inc. ("Defendants")

motion to dismiss for failure to cooperate in discovery and failure to comply with a Court order

(Court File No. 63). Plaintiff P.I., Inc. ("Plaintiff") filed a response (Court File No. 73) as well as

a motion to amend the complaint and to voluntarily dismiss with prejudice Plaintiff's claims which

are at the heart of the discovery dispute (Court File No. 72). Defendants responded to Plaintiff's

motion (Court File No. 75) and replied in support of their own motion to dismiss (Court File No. 76).

Defendants indicate they do not oppose Plaintiff's motion to dismiss with prejudice the claim for

economic loss and lost profits (Court File No. 75). Defendants also do not oppose in spirit Plaintiff's

motion to amend the complaint, but they ask the Court to bar Plaintiff from recovering contractual

attorney's fees and expenses as a sanction for disregarding this Court's discovery order (Court File

Nos. 75, 76).

For the reasons stated below, the Court **GRANTS IN PART** Defendants' motion to dismiss

(Court File No. 63), **GRANTS** Plaintiff's motion to dismiss with prejudice the claim for economic

loss and lost profits (Court File No. 72), **GRANT** Plaintiff's motion to file the proposed second

amended complaint, (Court File No. 72), and **DENIES WITHOUT PREJUDICE** Defendants'

motion to bar Plaintiff from seeking to recover contractual attorney fees and expenses (Court File No.

75, 76).

In the present amended complaint, Plaintiff seeks economic losses and actual damages

resulting from the sale of allegedly defective aluminum coping purchased from Defendants.

Following several failed discovery attempts to obtain documents and other information concerning

the claim for economic losses, Defendants filed with the Court a motion to compel (Court File No.

43). Acting on this motion, the Magistrate Judge ordered Plaintiff to provide written responses to

these discovery requests by January 29, 2010. Rather than comply with the Court's order, on the day

before that deadline, the attorney representing Plaintiff at that time filed a motion to dismiss the case

without prejudice, citing as grounds the attorney's inability as a sole practitioner to satisfy all of the

discovery requirements in this litigation (Court File No. 56). Meanwhile, Defendants moved that all

of Plaintiff's claims be dismissed with prejudice for failure to cooperate in discovery (Court File No.

63). The Court denied Plaintiff's motion, giving Plaintiff thirty days to obtain new counsel and

comply with the Court's discovery orders (Court File No. 65). The Court did not rule on Defendants'

motion.

At this time, Plaintiff has obtained new counsel. In an effort to resolve the lingering

discovery dispute, Plaintiff filed a motion to dismiss with prejudice the claim for economic losses and

lost profits which caused the discovery dispute. As part of this motion, Plaintiff also asks for the

Court's permission to file a second amended complaint which specifies the amount of actual damages

sought. Defendants do not oppose this motion. Indeed, Defendants note that one way the Court can

grant the substance of Plaintiff's motion is by granting Defendant's own motion to dismiss the

economic loss claim. Defendant's only objection is to Plaintiff's assertion in the second amended

complaint that they are entitled to contractual attorney's fees and expenses. Defendants argue Plaintiff should be barred from seeking to recover attorney's fees and expenses as a result of Plaintiff's failure to comply with the Court's discovery order.

Because both parties agree Plaintiff's claim for economic losses and lost profits should be dismissed with prejudice, the Court grants this aspect of both parties' motions and **DISMISSES** the claim for economic losses and lost profits. In addition, because Defendants do not oppose Plaintiff's motion to file a second amended complaint, and because this second complaint drastically reduces the issues for trial, the Court will grant Plaintiff's motion. Finally, the Court **DENIES WITHOUT PREJUDICE** Defendants' request to bar Plaintiff from seeking contractual attorney's fees and expenses. Should Plaintiff prevail at trial, Defendants may renew their motion and seek to offset their liability for Plaintiff's attorney's fees and expenses with any attorney's fees and expenses incurred by Defendants as a result of Plaintiff's failure to fulfill its discovery obligations.

     **SO ORDERED.**

     **ENTERED:**


                    **/s/**_____
                    **CURTIS L. COLLIER**
                    **CHIEF UNITED STATES DISTRICT JUDGE**